UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL MELENDEZ, et al., | Case No.: 2:19-cv-00704-GMN-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiffs' applications to proceed *in forma pauperis*. Docket Nos. 12, 13, 14, 16. Also pending before the Court is Plaintiff Melendez's motion for extension of time to file a financial certificate and Plaintiff Hereford's motion for leave to join this action. Docket Nos. 6, 15. Plaintiffs are prisoners proceeding in this action *pro se*. Plaintiffs Hereford, Braunstein, and Quintanilla have submitted the financial affidavits and inmate trust account statements required by 28 U.S.C. § 1915 (a)(2). Docket Nos. 12, 13, 14, 16.

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). Thus, a state prisoner's § 1983 action is barred, no matter the relief sought or the target of the suit, if "success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82.

Here, Plaintiffs seek injunctive and declaratory relief under 42 U.S.C. § 1983, alleging their constitutional rights were violated during their respective criminal trials when the juries were not sworn in by a judge. Docket No. 1-1 at 2-4. Therefore, Plaintiffs' claims constitute a challenge to their criminal convictions and subsequent confinement. *See* Docket No. 1-1 at 4 (submitting that "a conviction with an unsworn jury is a nullity.")

Further, Plaintiffs Hereford and Braunstein have unsuccessfully brought several prior actions based on the same issue, both as a civil case under § 1983 and as *habeas* petitions. *See Braunstein v. Nevada*, 2018 WL 4705533 (D. Nev. Sept. 30, 2019) *see also Hereford v. Neven*, Case No. 2:14-cv-01390-JAD-CWH, Docket No. 13 (D. Nev. Aug. 27, 2015) (dismissing *habeas* petition with prejudice); *Braunstein v. Neven*, Case No. 2:15-cv-00947-RFB-NJK, Docket No. 13 (D. Nev. Feb. 5, 2016) (dismissing fourth attempted *habeas* petition with prejudice).

Accordingly, the undersigned **RECOMMENDS** that the case be **DISMISSED** and that the pending applications to proceed *in forma pauperis*, Docket Nos. 12, 13, 14, 16, be **DENIED** as moot. Further, the undersigned **RECOMMENDS** that Plaintiff Melendez's motion for extension of time and Plaintiff Hereford's motion for leave to join complaint, be **DENIED** as moot. Docket Nos. 6, 15.

Dated: July 23, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142

(1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).