# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL MELENDEZ, *et al.*,

        Plaintiffs,

vs.

CLARK COUNTY NEVADA, *et al.*,

        Defendants.

Case No.: 2:19-cv-00704-GMN-NJK

**ORDER**

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy J. Koppe, (ECF No. 17), which recommends that this case be dismissed and the pending Applications to Proceed *in Forma Pauperis*, (ECF Nos. 12, 13, 14, 16), be denied as moot. Plaintiffs Manuel Melendez, Ricardo Quintanilla, and Steven Braunstein filed an Objection, (ECF Nos. 19, 20). For the reasons discussed below, the Court **ADOPTS in full** Judge Koppe's R&R.

## I.    BACKGROUND

Plaintiffs are prisoners proceeding in this action *pro se*. They allege their convictions in the Eighth Judicial District Court for Clark County, Nevada are invalid because Plaintiffs "were not allowed a sworn jury per [Nevada Revised Statute] 175.111" and other statutes. (Compl. at 3, ECF No. 1-1). Plaintiffs accordingly bring this case pursuant to 42 U.S.C. § 1983, requesting relief in the form of a declaration deeming their convictions invalid and an injunction providing them a new trial with a sworn jury. (*Id.* at 1, 2, 3(a), 4, 4(a), 5, 5(e)).

On July 23, 2019, Judge Koppe entered the R&R, (ECF No. 17), recommending dismissal of this case and denial of Plaintiff's applications to proceed *in forma pauperis*. Plaintiffs then filed Objections, (ECF Nos. 19, 20), to the R&R.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III. DISCUSSION

Judge Koppe recommends dismissal of Plaintiffs' case because the underlying claims challenge Plaintiffs' state convictions and trials. (R&R 1:22–2:7). As claims challenging an underlying state conviction, Judge Koppe stated that Plaintiffs' claims must be brought as habeas petitions, not as claims under 42 U.S.C. § 1983. (*Id.*). Upon review of Plaintiffs' claims and instant Objections, (ECF Nos. 19, 20), the Court agrees with Judge Koppe and adopts the R&R in full.

In Plaintiffs' Objections, Plaintiffs again state their requested relief as a "new trial" based upon the alleged constitutional and statutory errors associated with their state trials and convictions—as listed in the underlying Complaint, (ECF No. 1-1). (Obj. at 3, ECF No. 19). The United States Supreme Court has explained, however, that "if success in [a § 1983 action] would necessarily demonstrate the invalidity of confinement or its duration" then "a state prisoner's § 1983 action is barred (*absent prior invalidation*)—no matter the relief sought (damages or equitable relief)." *Wilkinson v. Dotson*, 544 U.S. 74, 81, (2005) (emphasis added). Because Plaintiffs here essentially seek to demonstrate the invalidity of their convictions and confinement, their requested relief must be presented through a federal habeas corpus petition rather than claims pursuant to 42 U.S.C. § 1983. This is particularly evident because Plaintiffs' convictions have not already been deemed invalidated. Indeed, the R&R identified Plaintiffs'

several prior, unsuccessful attempts to invalidate their underlying convictions at the center of this case. (R&R 2:8–13). Accordingly, the R&R correctly found Plaintiff's § 1983 claims to be barred at this time.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that United States Magistrate Judge Nancy J. Koppe's Report and Recommendation, (ECF No. 17), is **ADOPTED in full**. Plaintiffs' claims are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Applications to Proceed *in Forma Pauperis*, (ECF Nos. 6, 12, 13 ,14, 15, 16, 17, 18), are **DISMISSED as moot** in light of Plaintiffs' claims being dismissed with prejudice.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this __4__ day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court